## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  10-CV-03115-RPM

SCOTT CZARNIAK AND ADRIENNE CZARNIAK

Plaintiffs,

v.

20/20 INSTITUTE, LLC AND MATTHEW K. CHANG, M.D.

Defendants,

## STIPULATED PROTECTIVE ORDER

Defendant Matthew K. Chang, M.D. ("Dr. Chang"), Defendant 20/20 Institute, and

Plaintiffs Scott and Adrienne Czarniak, by their respective counsel of record, respectfully submit

the following Stipulated Protective Order:

This Order is designed to preserve the confidentiality of certain information produced by

the parties pursuant to the terms of this Order.  To expedite the flow of discovery material,

facilitate the prompt resolution of the disputes over confidentiality, and adequately protect

materials entitled to be kept confidential, the following terms shall control:

1.  As used in this Stipulated Protective Order ("Order"), "Confidential Information" means

all documents and information contained therein produced by or to a party in this action that

is designated by the producing party as "Confidential" and includes, but is not limited to,

1

2.  A party may designate information as confidential by stamping or marking it with the

word "Confidential."  If a party in good faith believes that any document or information

disclosed prior to the date of this Order is entitled to protection under this Order, the parties

may identify such documents or information in writing to all counsel of record and such

material will be treated as "Confidential Information" pursuant to the provisions of this

Order.

3.  Confidential Information shall be used only for the purposes of this action and for no

other purpose whatsoever.

4.  Absent the prior written consent of the party producing the Confidential Information,

Confidential Information shall not be disclosed to any person except:

    a)  Any attorney of record for a party in this action or a member, associate, paralegal

        or employee of the firm where such attorney practices, who shall be advised of

        and bound by the terms of this Order;

    b)  Testifying experts and consulting experts retained by any party to this action,

c) The person or party that produced the Confidential Information;

d) The author or original recipient of a document containing Confidential Information;

e) A witness or deponent in this action for purposes of preparation for or the conduct of their deposition or trial testimony, provided however, that any such person shall not be permitted to retain any Confidential Information after the conclusion of his/her deposition or trial testimony and prior to being provided access to any Confidential Information, they shall be given a copy of this Order and shall give their agreement to be bound by the terms hereof;

f) A stenographer or reporter involved in any deposition, hearing, trial or other proceeding in this action;

g) This Court, including court personnel, and court reporters involved in this action; and

h) Parties to this action who shall be advised of and bound by the terms of this Order.

5. Any person who is to have access to documents within the purview of this Stipulated

3

6.   All persons described in subparagraphs 4(b) and 4(e), above, who receive Confidential

Information will destroy such Confidential Information after the termination or other final

disposition of this action, including all appeals.  As to each person to whom Confidential

Information is disclosed, it is the responsibility of counsel for the party disclosing such

information to advise such person of the requirements of this Order and to ensure compliance

therewith.

7.   Confidential Information shall be stored in a manner which will prevent access or review

of that information by unauthorized persons.

8.   All transcripts, depositions, exhibits, and other documents and things filed with the Court

containing Confidential Information shall be electronically filed under seal or hand-filed in

sealed envelopes or other appropriate sealed containers on which shall be endorsed the

caption of this action, a description of the contents of such sealed envelope or container, and

the legend "Confidential."  If Confidential Information is disclosed in any filing in or at trial

of this action, such discloser shall not result in the loss of its status as Confidential

Information and the parties thereafter will continue to protect its confidentiality pursuant to

the terms of this Order.

9.   Counsel for the parties shall have ten (10) business days from their receipt of a deposition transcript within which to designate all or any portion of the transcript as confidential and subject to this Order.  The parties shall cooperate in allowing a longer or shorter period as the needs of the case require.

10. Nothing in this Order shall be construed as requiring disclosures of privileged materials, materials subject to protection under the attorney work product doctrine and materials that are otherwise beyond the scope of permissible discovery.

11. This Order's restrictions on use and disclosure of Confidential Information do not apply to the party producing the Confidential Information in question.

12. Nothing in this Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any documents or information whatsoever. Nothing in this Order shall preclude an attempt by any party to introduce relevant and admissible evidence at a hearing or trial in this action.

13. By producing documents and/or information that has been designated as confidential pursuant to this Order, the parties do not waive, but rather expressly reserve any and all legal rights, privileges, or immunities applicable to such documents and information.  The designation of confidentiality provided for in this Order does not expand any claim of confidential, proprietary information or privilege, but is a mechanism for making and expediting production of documents and things that could be classified as entitled to protection pursuant to Colorado law.  A party may object to the designation of confidentiality

14. This Order does not preclude a party from seeking such other relief or protection beyond that provided by this Order as may be appropriate under the Federal Rules of Civil Procedure or applicable law.  Any party may move the Court for additional protection, modification of, or release from, this Order.

15. Within thirty days (30) of the termination or other final disposition of this action, including all appeals, any party that has disclosed Confidential Information to any person identified in subparagraphs 4(b) and 4(e), above, shall inform the recipient that this action has terminated, and remind the recipient of his or her obligation to destroy all Confidential Information in their possession.

16. This Order shall remain in effect after the final determination of this action and this Court shall retain jurisdiction over all parties and authorized recipients of Confidential Information for the purposes of enforcing the provision of this Order, making such rulings and entering such orders as may be necessary to compel compliance with this Order, and imposing

Dated this 21st day of April, 2011.

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge

**APPROVED AS TO FORM:**

_____
Todd J. Krouner (TK 0308)
Diana M. Carlino (NY4782108)
Law Office of Todd J. Krouner
93 North Greeley Ave.
Chappaqua, New York 10514
914-238-5800
Co-Counsel for Plaintiffs

_____
Keith Cross, #8934
Cross & Bennett, LLC
108 E. St. Vrain, Suite 20
Colorado Springs, Colorado
719-633-1359
Co-Counsel for Plaintiffs

_____
Deana R. Dagner
Benjamin P. Swartzendruber

_____
C. Gregory Tiemeier
Max Stich

7

8

| | |
|---|---|
| Grund · Dagner, P.C. | Tiemeier & Stich, P.C. |
| 1660 Lincoln Street, Suite 2800 | 1000 East 16th Avenue |
| Denver, Colorado 80264 | Denver, Colorado 80218 |
| 303-830-7770 | 303-531-0022 |
| Attorneys for Defendant 20/20 Institute, LLC | Attorneys for Defendant Matthew K. Chang, M.D. |

8

**EXHIBIT A**
**TO STIPULATED PROTECTIVE ORDER**

**AGREEMENT TO COMPLY WITH THE TERMS OF THE STIPULATED PROTECTIVE ORDER DATED_____, 2011, ENTERED IN THE IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO, CIVIL ACTION NO. 10-CV-03115**

_____(name) of _____

(Organization) acknowledges receipt and review of a copy of the Stipulated Protective Order

dated _____, 2011, entered in the United States District Court for the District of

Colorado, Case No. 10-CV-03115 ("Order"), and by his or her signature hereto agrees, both

individually and on behalf of his or her organization, to be bound by the Order provisions and

further acknowledges that any failure to comply with the provisions of that Order may subject

the undersigned and/or his or her Organization to a penalty of contempt of the Court.

     Dated this _____ day of _____, 2011.

     By:_____

     Name:_____

     Title:_____

9