# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03115-RPM

SCOTT CZARNIAK and
ADRIENNE CZARNIAK,

    Plaintiffs,

v.

20/20 INSTITUTE, L.L.C., and
MATTHEW K. CHANG, M.D.,

    Defendants.

---

## ORDER ON COSTS

---

On May 8, 2009, Plaintiff Scott Czarniak had eye surgery at Defendant 20/20 Institute, LLC. He and his wife, Plaintiff Adrienne Czarniak, filed suit against 20/20 Institute and Dr. Matthew Chang on December 22, 2010. 20/20 Institute submitted an Offer of Settlement to Plaintiffs for $100,000 on September 18, 2012. The Offer included, *inter alia*, "costs and interest to date." The Offer was then withdrawn and the case proceeded to trial. Plaintiffs received a jury verdict against 20/20 Institute in the amount of $66,030 on May 9, 2013.

The Czarniaks have moved to amend the judgment to include pre and post-judgment interest at a rate of nine percent. They have also submitted a proposed $46,258.06 bill of costs incurred from the date this action accrued to the date the judgment was entered. 20/20 Institute does not object to including prejudgment interest, but argues that post-judgment interest should not accrue at the rate proposed by the Czarniaks. 20/20 Institute further maintains that it should

be awarded costs, and that the Czarniaks are not entitled to costs, under Federal Rules of Civil Procedure 54(d) and 68(d).

Because this action is in diversity, the issue of pre-judgment interest is governed by Colorado law. *See Loughridge v. Chiles Power Supply Co., Inc.*, 431 F.3d 1268, 1288 (10th Cir. 2005) (internal citations omitted). The Court agrees with the parties that, under Colo. Rev. Stat. § 13-21-101, the judgment must be amended to include pre-judgment interest in the amount of $26,949.66.

The Czarniaks initially argued that, like pre-judgment interest, post-judgment interest should accrue at a rate of nine percent ($22.17 per day). As Defendants correctly point out, 28 U.S.C. § 1961 applies to all federal cases, including those in diversity, and provides for post-judgment interest at a rate of 0.11 percent. Thus, the judgment will not be amended with regard to post-judgment interest.

Under Rule 54(d), "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). A prevailing party is one who prevails on a significant issue in the litigation and derives some of the benefits sought by the litigation. *E.g.*, *Kan. Judicial Watch v. Stout*, 653 F.3d 1234, 1235 (10th Cir. 2011). 20/20 Institute argues that the Czarniaks were not prevailing parties because they lost on their Colorado Consumer Protection Act and common law fraud and misrepresentation claims, which were central to their suit. But judgment was entered in Plaintiffs' favor on Scott Czarniak's negligence claim and Adrienne Czarniak's loss of consortium claim, both of which were "significant issues in the litigation"; 20/20 Institute strongly disputed that it was responsible for Dr. Chang's negligence or negligent itself. In addition, while the Czarniaks did not come close to their desired damages award, the

jury's $66,030 verdict certainly represents "some of" the benefits they sought. Accordingly, the Court concludes that Plaintiffs were prevailing parties.

Under Rule 68(d), where a defendant makes a valid offer of judgment, which the plaintiff rejects, and the final judgment was less than the amount offered, the plaintiff "may not recover his post-offer costs and must pay [defendant's] post-offer costs." *Knight v. Snap-On Tools Corp.*, 3 F.3d 1398, 1405 (10th Cir. 1993); Fed. R. Civ. P. 68(d). Thus, the Czarniaks, even though they prevailed for the purposes of Rule 54(d), may still be responsible for all post-offer costs.

20/20 Institute's Rule 68 Offer—$90,000 to Scott Czarniak, $10,000 to Adrienne Czarniak—was conditioned upon each Plaintiff accepting. The Czarniaks argue that this condition invalidates the Offer, and, in support, they cite to Colorado cases construing Colorado's offer of settlement statute, Colo. Rev. Stat. § 13-17-202. Rule 68 is directly on point here, and as such, that Rule—not Colorado's—governs. *See Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1539 (10th Cir. 1996). Other federal courts have concluded that a defendant may condition its offer on acceptance by all plaintiffs, so long as the offer is apportioned individually. *See Amati v. City of Woodstock*, 176 F.3d 952 (7th Cir. 1999); *Lang v. Gates*, 36 F.3d 73, 75 (9th Cir. 1994). While the Tenth Circuit has not addressed this issue, conditional, apportioned offers are consistent with Rule 68: they encourage full case settlements, thereby avoiding the expense of trial and hedge-betting plaintiffs, while also giving plaintiffs a fair chance to evaluate the offer against the merits of their claims. The Court concludes that 20/20 Institute's offer was properly conditioned upon acceptance by both Scott and Adrienne Czarniak.

To determine whether the judgment finally obtained by the Czarniaks is greater than 20/20 Institute's Rule 68 Offer, which included interest and costs, the Court must compare the Offer with the sum of the jury award and pre-Offer interest and costs. *See First Nat. Bank of Turley v. Fidelity & Deposit Ins. Co. of Md.*, 196 F.3d 1186 (10th Cir. 1999); *Knight*, 3 F.3d at 1405.

Although 20/20 Institute submitted individual offers to Scott and Adrienne Czarniak for $90,000 and $10,000, respectively, the offers were functionally indistinct because they were conditioned upon both Plaintiffs accepting. It was essentially a $100,000 proposition. Therefore, the Court considers 20/20 Institute's Rule 68 Offer to be $100,000.

On the other side of the ledger, the jury awarded the Czarniaks $66,030 in damages, exclusive of prejudgment interest, and, based on Plaintiffs' Calculation of Prejudgment Interest, which 20/20 Institute does not dispute, approximately $21,978 in pre-judgment interest accrued before September 18, 2012, when 20/20 Institute served its Rule 68 Offer.[1] The Czarniaks also claim to have incurred about $30,902.20 in pre-Offer costs.[2] Costs include not only those defined by reference to federal law, but also, where federal law is silent, those authorized by Colorado's cost-shifting provision, Colo. Rev. Stat. § 13-17-202(1)(b), as it is the underlying substantive law in this action. *See Knight*, 3 F.3d at 1404-05. That provision provides:

> (b) For purposes of this section, "actual costs" shall not include attorney fees but shall mean costs actually paid or owed by the party, or his or her attorneys or agents, in connection with the case, including but not limited to filing fees, subpoena fees,

---

[1] Taking the jury verdict of $66,030 together with pre-judgment interest, as of December 21, 2011, the Czarniaks had accrued $82,495.60 total. Nine percent of $82,495.60 is $7,424.60, which, divided by 365 (days in a year), is $20.34 per day in simple interest. From December 22, 2011 up to (but not including) September 18, 2012, 271 days passed. 271 days at $20.34 per day equals $5,512.14 in interest for that period. Adding that together with pre-judgment interest from previous years ($9,654.04 from May 22, 2009 to December 22, 2010; $6,811.56 from December 22, 2010 to December 21, 2011) equals $21,978 in pre-judgment interest that had accrued before 20/20 Institute made its Rule 68 Offer.

[2] The Czarniaks do not distinguish between pre and post-Offer costs in their Proposed Bill of Costs. The Court arrived at the $30,902.20 number by adding up all of the costs set forth in the Proposed Bill that were incurred before September 18, 2012.

>reasonable expert witness fees, copying costs, court reporter fees, reasonable investigative expenses and fees, reasonable travel expenses, exhibit or visual aid preparation or presentation expenses, legal research expenses, and all other similar fees and expenses.

Colo. Rev. Stat. § 13-17-202(1)(b)   .

While some of the Czarniaks' proposed costs are not recoverable for reasons that will be set forth in a later opinion, enough are that the judgment finally obtained by them—the jury award, together with pre-Offer interest and costs— exceeded 20/20 Institute's Rule 68 Offer of $100,000.

Accordingly, 20/20 Institute is not entitled to costs under Rule 68(d), and the Czarniaks, as prevailing parties under Rule 54(d), are entitled to costs throughout the pendency of this action.

Based on the foregoing opinion, it is

ORDERED that the judgment entered in this case be amended to include pre-judgment interest in the amount of $26,949.66, and it is,

FURTHER ORDERED that Defendant 20/20 Institute's Motion for Award of Costs [Doc. 179] is denied, and it is,

FURTHER ORDERED that Plaintiffs shall have up to and including July 8, 2013 to file a Reply to Defendant's Response to Plaintiffs' Motion for Costs.

Dated:  July 1, 2013

                                                    BY THE COURT:

                                                    s/Richard P. Matsch
                                                    _____

                                                    Richard P. Matsch
                                                    Senior District Judge