IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03115-RPM

SCOTT CZARNIAK and
ADRIENNE CZARNIAK,

    Plaintiffs,

    v.

20/20 INSTITUTE, L.L.C., and
MATTHEW K. CHANG, M.D.,

    Defendants.

_____

**ORDER GRANTING DEFENDANT'S MOTION TO STAY EXECUTION OF JUDGMENT WITHOUT PAYMENT OF SUPERSEDEAS BOND**
_____

Following a six-day trial in the above-captioned matter, the jury returned a verdict in Plaintiffs' favor on their claim of medical negligence against Defendant 20/20 Institute, and against Plaintiffs on their Colorado Consumer Protection Act claim. The Court entered judgment for Plaintiffs in the amount of $92,979.66.

Plaintiffs noticed their appeal to the Tenth Circuit on June 6, 2013, raising two issues related to their medical negligence claim, one related to their consumer fraud claims, and another regarding the Court's refusal to disqualify C. Gregory Tiemeier as counsel for 20/20 Institute. [*See* Doc. 206, Ex. 1 at 8.] Defendant noticed an appeal of its own on July 26, 2013, and now moves the Court to stay the execution of the judgment without requiring a supersedeas bond. Plaintiffs oppose the motion.

Federal Rule of Civil Procedure 62(d) generally requires that a losing party post a supersedeas bond to stay a district court judgment pending appeal.  The circuits are split as to how that general rule is affected when the prevailing party appeals before the losing party does.  In some jurisdictions, an appeal taken by the prevailing party "can operate as an automatic supersedeas, obviating the need for the losing party to file a bond when it files its own appeal."  11 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2905 (citing *Tenn. Valley Auth. v. Atlas Mach. & Iron Works, Inc.*, 803 F.2d 794, 797 (4th Cir. 1986), and *Sealover v. Carey Canada,* 806 F. Supp. 59, 61–62 (M.D. Pa. 1992)).  Other circuits have held that "[a] prevailing party's appeal suspends the enforcement of a judgment only when the theory of the appeal is inconsistent with enforcement in the interim."  *Trustmark Ins. Co. v. Gallucci,* 193 F.3d 558, 559 (1st Cir. 1993) (quoting *BASF Corp. v. Old World Trading Corp.,* 979 F.2d 615, 617 (7th Cir.1992)).  The Tenth Circuit has not addressed this issue.  Defendant urges the former position, while Plaintiffs urge the latter.

In *Atlas Machine*, which Defendants rely upon, the Fourth Circuit cited *Bronson v. La Crosse R.R. Co.*, 68 U.S. (1 Wall.) 405, 410, 17 L. Ed. 616 (1863), for the proposition that a prevailing party's appeal of a lower court judgment automatically stays that court's judgment.  As the Fifth Circuit concluded, *Atlas Machine* "mischaracterizes *Bronson* by omitting any reference to the purpose of the prevailing party's appeal."  *Enserch Corp. v. Shand Morahan & Co.*, 918 F.2d 462, 464 n.3 (5th Cir. 1990).  Indeed, the *Bronson* court emphasized that the judgment was stayed "only because the prevailing parties '[asserted] that the decree was founded in error and for that reason should not be executed but should be reversed and corrected in the appellate tribunal.'"  *Id.* (quoting *Bronson*, 68 U.S. at 410).  Moreover, Rule 62(d) plainly requires that a bond be posted to stay a judgment pending an

appeal, and though the Rule provides some exceptions, an appeal by the prevailing party is not among them. Following the Fifth Circuit's sound reading of *Bronson* and the clear dictates of Rule 62(d), the Court declines to adopt Defendant's position and instead holds that a prevailing party's appeal stays the execution of a lower court judgment without bond only when the prevailing party seeks appellate relief that is inconsistent with enforcement of the lower court's judgment.

The remaining issue, therefore, is whether Plaintiffs' theories on appeal are consistent with enforcing the medical negligence judgment here. An appellate theory is inconsistent with the enforcement of a district court judgment where adopting the theory would result in reversing or extensively modifying the district court judgment. *Compare Garner v. U.S. West Disability Plan*, No. 05-cv-00116, 2007 WL 3046188, at *2 (D. Colo. Oct. 16, 2007) (appeal inconsistent with enforcement of district court remand order where prevailing party claimed on appeal that district court lacked jurisdiction to issue remand order, and should have awarded benefits rather than issuing remand), *and N. Ind. Pub. Serv. Co. v. Carbon County Coal Co.*, 799 F.2d 265, 281 (7th Cir. 1986) (cross-appeal inconsistent with enforcement of district court damages judgment where prevailing party sought specific performance in lieu of damages on appeal), *with Enserch*, 918 F.2d at 462 (prevailing party's appeal not inconsistent with enforcement of district court judgment, as appeal only sought to increase amount of damages awarded by district court).

Plaintiffs attempt to tack closely to *Enserch* and flatly state that they "do not contest the favorable verdict on the medical negligence claim, but only seek to <u>increase</u> the amount of judgment." [Doc. 206 at 4 (emphasis in original).] That statement is plainly contradicted by Plaintiffs' Docketing Statement filed with the Tenth Circuit. In the Statement, Plaintiffs

raise four appellate theories, of which three are relevant here. The first challenges the Court's failure to disqualify C. Gregory Tiemeier as counsel for 20/20 Institute, where, according to Plaintiffs, "there was an inherent conflict of interest between his former client, former-defendant, Matthew K. Chang, M.D., and 20/20 Institute . . . ." [Doc. 206, Ex. 1 at 8.] Plaintiffs presumably raise that issue to argue that the Court's failure to disqualify Tiemeier impermissibly tainted the trial with unfairness. Plaintiffs' second and third appellate theories attack the medical negligence verdict directly, as they allege the Court erred in instructing the jury on the "Captain of the Ship" doctrine, and in denying Plaintiffs' motion for judgment as a matter of law. If the Tenth Circuit adopts any of those three theories, it will reverse the Court's medical negligence judgment, as that judgment will have resulted from an unfair trial proceeding, and/or will have been based on errors of law.

Therefore, the Court concludes that Plaintiffs' theory of appeal is inconsistent with the execution of the Court's judgment. It follows that Plaintiffs' appeal operates to stay the Court's judgment without requiring Defendant to post a supersedeas bond.

Upon the foregoing, it is

ORDERED that Defendant's Motion to Stay Execution Pending Appeal, Without Payment of Supersedeas Bond is granted.

Dated:  September 25, 2013.

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch
Senior District Judge